
**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERNESTO LOPEZ MARTINEZ, | No.    15-72253 |
| Petitioner, | Agency No. A078-535-140 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Ernesto Lopez Martinez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing Lopez's appeal

from an immigration judge's ("IJ") decision denying Lopez's application for

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.

We review de novo questions of law.  *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008).  We review for substantial evidence the agency's factual findings,  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny in part and dismiss in part the petition for review.

The BIA did not err in finding that Lopez did not establish membership in a cognizable social group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (explaining cognizability standard) (citing *Matter of M-E-G-V-*, 26 I & N Dec. 227, 237 (BIA 2014)).  We have held that Mexicans returning from the United States is not a particular social group.  *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010).

Substantial evidence supports the agency's conclusion that Lopez otherwise failed to establish he would be persecuted on account of a protected ground, as Lopez articulated only a fear of violence and extortion without any connection to a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  Our conclusion is not affected by the differing nexus standards applicable to asylum

2

and withholding of removal claims. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino v. Holder* having drawn no distinction between the standards where there was no nexus at all to a protected ground). Thus, Lopez's asylum and withholding of removal claims fail.

We lack jurisdiction to consider Lopez's argument that the IJ erred in denying CAT protection because this argument was not raised before the BIA. 8 U.S.C. § 1252(d)(1); *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**